UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRYSTAL WILSON                                               CIVIL ACTION

VERSUS                                                        NO. 24-2957

DG LOUISIANA, LLC d/b/a                                       SECTION M (4)
DOLLAR GENERAL

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Chrystal Wilson.[1] Defendant DG Louisiana, LLC d/b/a Dollar General ("Dollar General") responds in opposition,[2] and Wilson replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

I.   BACKGROUND

This case concerns an accident in a retail store. Wilson alleges that on November 6, 2023, she was shopping in a Dollar General store in New Orleans when "a box of merchandise positioned on the top shelf of the aisle on which [she] was shopping suddenly fell and struck [her] left shoulder, causing injury."[4] On November 4, 2024, Wilson filed this suit in state court asserting Louisiana-law negligence and premises liability claims against Dollar General.[5] Wilson seeks damages for "serious injury to her mind and body that include, but [are] not limited to, her left shoulder, together with past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, past and future loss of wages and

---

[1] R. Doc. 15.
[2] R. Doc. 17.
[3] R. Doc. 19.
[4] R. Doc. 1-2 at 1.
[5] *Id.* at 1-3.

loss of future earning capacity, disfigurement and permanent impairment."[6]  In accordance Louisiana law, the petition does not state the amount of damages sought, but does allege that the value of Wilson's claims, exclusive of interest, costs, penalties, and attorney's fees, exceeds $50,000.[7]

Dollar General removed the case to this Court on December 30, 2024, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[8]  It is undisputed that the parties are of diverse citizenship.[9]  Wilson is a citizen of Louisiana, and Dollar General is a citizen of Tennessee.[10]  Because the amount in controversy is not clearly stated on the face of the petition, Dollar General attached Wilson's pre-suit settlement demand letter requesting $225,000, as proof that the amount in controversy exceeds $75,000.[11]

**II.    PENDING MOTION**

On August 6, 2025, Wilson filed the instant motion to remand, arguing that this Court lacks subject-matter jurisdiction because the requisite minimum amount in controversy is not satisfied.[12]  Attached to Wilson's motion is an "irrevocable and binding stipulation" that she signed on August 6, 2025, in which she states that neither she nor her attorney will accept any award in excess of $75,000.[13]  Wilson argues that the case must be remanded because her post-removal stipulation shows that "the amount in controversy no longer exceeds the minimum jurisdictional threshold."[14]

---

[6] *Id.* at 3.
[7] *Id.*
[8] R. Doc. 1 at 1-6.
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.* (citing R. Doc. 1-3).
[12] R. Doc. 15.
[13] R. Doc. 15-2.
[14] R. Doc. 15-1 at 1-4 (quote at 4).

In opposition, Dollar General argues that Wilson's post-removal stipulation does not divest the Court of subject-matter jurisdiction because jurisdiction is determined at the time of removal.[15] Dollar General contends that post-removal stipulations may be considered in determining the amount in controversy as of removal, only if the basis for jurisdiction is ambiguous at the time of removal.[16] But, says Dollar General, in circumstances like those in this case where the plaintiff did not contest removal for eight months and has sent multiple settlement demands in excess of $75,000, the post-removal stipulation is ineffective to strip the court of jurisdiction.[17]

Wilson replies, arguing that her pre-suit demand letter is not sufficient proof of the amount in controversy because she unilaterally lowered the demand after removal.[18] Instead, says Wilson, her stipulation that she will not accept more than $75,000 in damages more accurately reflects the amount in controversy, meaning that this Court lacks subject-matter jurisdiction.[19]

## III.   LAW & ANALYSIS

### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of

---

[15] R. Doc. 17 at 1-2, 4-7.
[16] *Id.* at 4.
[17] *Id.* at 1-7.
[18] R. Doc. 19 at 1-4.
[19] *Id.*

3

remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

### B. Amount in Controversy

Federal courts have original jurisdiction over matters involving state-law claims when the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant, and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). It "is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or protect; stated somewhat differently, it is the value of the object or subject matter of the suit that is critical." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3707, at 590 (5th ed. 2023); *see also Durbois*, 37 F.4th at 1057 (collecting cases). "[T]he party invoking federal diversity jurisdiction ... bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). If the amount in controversy is not apparent from the face of the complaint, the court may rely on summary-judgment-type evidence. *Id.* at 351-52; *see also* 14B WRIGHT & MILLER, *supra*, § 3705, at 517. Summary-judgment-type evidence includes "discovery material and post-institution or post-removal affidavits, exhibits, reports, declarations, emails, or letters, especially

4

when the facts relating to jurisdiction are ambiguous or disputed." 14B WRIGHT & MILLER, *supra*, § 3705, at 518-30. As a jurisdictional requirement, the amount in controversy "is decided under federal, not state, standards." *Id.* § 3702, at 323.

Here, it is not facially apparent from the complaint itself whether it is more likely than not that the amount in controversy exceeds $75,000. Wilson's complaint states that she seeks damages for past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, past and future loss of wages and loss of future earning capacity, disfigurement, and permanent impairment.[20] However, this standard list of damages – which is not accompanied by factual allegations regarding the amount in controversy – is insufficient to meet the "facially apparent" test. *Young v. Popeyes La. Kitchen, Inc.*, 2024 WL 4263173, at *2 (E.D. La. Sept. 23, 2024) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought is insufficient to meet defendant's burden using the facially apparent test." (quotation omitted)).

Consequently, the Court must consider the evidence Dollar General puts forth regarding the amount in controversy. "A pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *Medine v. Lane-Valente Indus., Inc.*, 2025 WL 2170347, at *2 & n.17 (M.D. La. July 31, 2025) (quotation omitted) (collecting cases). In this case, the settlement demand is relevant evidence of the amount in controversy at the time of removal. The letter, which was written on October 17, 2024, a few weeks *before* suit was filed and the case was removed, appears to be an honest assessment of the claim because it shows an itemized total of $42,103.62

---

[20] R. Doc. 1-2 at 3.

in medical bills for emergency room care, chiropractic treatment, surgery and physical therapy, and other physician treatment, without regard to the other categories of claimed damages.[21] Thus, Dollar General established by a preponderance of the evidence that the amount in controversy was satisfied as of the date of removal. *Id.* at *2 (holding that a settlement demand issued shortly *after* removal was sufficient evidence to establish the amount in controversy at the time of removal). Because jurisdiction was established at the time of removal, Wilson cannot now defeat jurisdiction with a post-removal stipulation that was not attached to her complaint. *Id.*; *see also Babalola v. EAN Holdings, LLC,* 2025 WL 1907475, at *6 (E.D. Tex. July 10, 2025) ("State-court plaintiffs may avoid removal by stipulating to damages less than the federal jurisdictional threshold in their initial pleadings, but a post-removal stipulation reducing the amount in controversy does not divest the court of jurisdiction." (internal citations omitted)); *Klein v. Liberty Mut. Fire Ins. Co.,* 2024 WL 2350708, at *3 (E.D. La. May 23, 2024) ("[B]ecause the Court's jurisdiction was established and attached at the time of removal, [p]laintiffs' post-removal stipulation reducing the amount recoverable does not divest this Court of jurisdiction.").

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Wilson's motion remand (R. Doc. 15) is DENIED.

New Orleans, Louisiana, this 22nd day of August, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[21] R. Doc. 1-3.

6